IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
OURO MINING, INC.,            )
                              )
            Plaintiff,        )
                              )
v.                            )   Case No. CIV-20-157-KEW
                              )
ABBY CLEMMER and              )
BAILEY LENAMOND,              )
                              )
            Defendants.       )
```

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff, Ouro Mining's ("Ouro"), Motion for Summary Judgment (Docket Entry #32) and Defendants, Abby Clemmer and Bailey Lenamond's ("Defendants"), Motion for Summary Judgment (Docket Entry #42). Upon review and consideration of the filings of the parties, the Court renders the following rulings.

**Facts Relevant to All Claims[1]**

Ouro is an Oklahoma Corporation that is engaged in the commercial coal mining business. Ouro currently intends to mine coal in LeFlore County, Oklahoma. Defendants are co-owners of land in LeFlore County, Oklahoma. The Defendants' land is subject to the Segregated Coal Land Patents ("SCLP's"), which reserved the ownership of the coal and asphalt to the grantor, the Choctaw and

---

[1] The Court's "Facts Relevant to All Claims" are compiled based upon those facts the Court deems material, undisputed (or not genuinely disputed), and supported by the summary judgment record. Those facts the Court deems irrelevant to the parties' motions are omitted herein.

1

Chickasaw Nations. The land is also subject to the Act of Congress of February 19, 1912 (37 Stat. L. 67) ("the Act"), which reserved various rights to the grantor for the benefit of mining the reserved coal and asphalt. The applicable text of the Act and SCLP's in question is as follows:

> That sales of the surface under this act shall be upon the conditions that the Choctaw and Chickasaw Nations, their grantees, lessees, assigns, or successors, ***shall have the right at all times to enter upon said*** lands for the purposes of prospecting for coal or asphalt ***thereon***, and also the right of underground ingress and egress, without compensation to the surface owner, and upon the further condition that said nations, their grantees, lessees, assigns, or successors, ***shall have the right to acquire*** such portions of the surface of any tract, tracts, or rights thereto as ***may be reasonably necessary for prospecting or for the conduct of mining operations*** or for the removal of successors, shall have the right to acquire a fair valuation for the portion of the surface so acquired. If the owner of the surface and the then owner or lessee of such mineral deposits shall be unable to agree upon a fair valuation for the surface so acquired, such valuation shall be determined by three arbitrators, one to be appointed, in writing, a copy to be served on the other party by the owner of the surface, one in like manner by the owner or lessee of the mineral deposits, and the third to be chosen by the two so appointed; and in case the two arbitrators so appointed should be unable to agree upon a third arbitrator within thirty days, then and in that event, upon the application of either interested party, the United States district judge in the district within which said land is located shall appoint the third arbitrator: PROVIDED, That the owner of such mineral deposits or lessee thereof shall have the right of entry upon the surface so to be acquired for mining purposes immediately after the failure of the parties to agree upon a fair valuation and the appointment, as above provided, of an arbitrator by the said owner or lessee.[2]

---

[2] Docket Entry #32-2 (emphasis added).

The rights granted by the SCLP's and the Act were eventually quitclaimed to the United States. The United States continues to own the rights to the coal and asphalt that is beneath the subject property, and these resources are managed by the Bureau of Land Management ("the BLM"). The BLM leased the subject coal and asphalt to Farrell Copper Mining Inc., on or about April 1, 1995. Farrell Copper Mining Inc. eventually assigned their coal lease to Ouro.

Ouro now wishes to use 4.3 acres of the Defendants' land to build an access road as part of their mining plan.[3] Ouro has attempted to negotiate with the Defendants for the purchase of said land, but these negotiations have been unsuccessful.[4]

## Procedural Background

Ouro filed this lawsuit on May 27, 2020. The complaint seeks declaratory relief and damages.[5] Specifically, Ouro seeks a declaratory judgment that declares they have met their obligations under the Act and the SCLP's. Therefore, they are entitled to immediate right of entry and possession of the subject property. Ouro also requests that the Court: (1) enter an Order to Compel the Defendants to select an arbitrator in order to value the property in question; (2) enter an Order of possession regarding

---

[3] The parties do not dispute the location of the land that Ouro wishes to acquire. The land in question is displayed in Docket Entry #32-1.
[4] The record includes multiple communications between counsel in which they attempted to resolve this issue. *See* Docket Entry #32-7 p. 1, 3-12, 18-19, 25-30.
[5] *See* Docket Entry #2.

the property in question; (3) enter an Order of specific performance and an award of damages which occurred due to the Defendants' failure to comply with the covenants in the chain of title; and (4) permit Ouro to tender a sum of $2,580 to the Clerk of Court as an amount to set-off any amount determined to be owed by Ouro to the Defendants.

The parties have filed cross-motions for summary judgment for all claims. Ouro seeks for this Court to enter a declaratory judgment holding that they have the right to build the access road without compensating the Defendants. In the alternative, Ouro asks that this Court still find they have a right to build the road, but they must compensate the Defendants. In that case, they ask the Court to compel the Defendants to pick an arbitrator to value the land for purchase. They also ask this Court to grant them immediate access to the land in question and rule that the Defendants are in breach of the covenants contained in the SCLP's. Defendants ask this Court to find that the language of the Act and the SCLP's does not allow Ouro to use their land for an access road. Thus, denying Ouro's request for declaratory judgment.

### Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

4

any material fact and that the moving party is entitled to judgment as a matter of law." *Universal Money Centers v. A.T. & T.*, 22 F.3d 1527, 1529 (10th Cir. 1994)) (cert. denied, 513 U.S. 1052, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994)). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed 2d 202 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Applied Genetics v. Fist Affiliated Securities*, 912 F.2d 1238, 1241 (10th Cir. 1990); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir. 1983).

Whenever the Court is faced with cross motions for summary judgment, they are treated separately. *Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n*, 483 F.3d 1025, 1030 (10th Cir. 2007). Meaning that the denial of one motion for summary

judgment does not mean the granting of another. *Id*. Granting summary judgment is inappropriate if disputes remain regarding questions of material fact, even if the parties file cross motions pursuant to Rule 56. *Id*. (internal citation omitted).

## Analysis

The parties do not dispute the location of the land in question and that Ouro currently owns the coal lease for the land. They also do not dispute that the SCLP's and the Act apply to the land in question.[6] The parties do disagree on what rights the Act and the SCLP's grant to Ouro. Specifically, whether the Act and the SCLP's grants Ouro a right to build an access road on the land in question for mining operations that do not take place on the subject land.

Ouro believes that the Act and the SCLP's vest them with a right to use, access, and, if necessary, acquire the Defendants' land for mining operations. Ouro believes that the plain language of the Act and the SCLP's entitles them to build the access road without compensating the Defendants since the road is wholly

---

[6] In their response to Ouro's Motion for Summary Judgment, the Defendants questioned whether the Act of Congress of February 19, 1912, is still applicable. But in their Motion for Summary Judgment, it seems they concede this argument as they admit that pursuant to the Act the land "was burdened with various rights for the benefit of the mining of reserved coal and asphalt." Docket Entry #47, p. 2 ¶5. But even if they do not concede this argument, the Court need not even consider the merits of it as Defendants offer no legal support for it. See *Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992). The SCLP's also specifically state that "all reservations, restrictions, covenants and conditions herein or provided for in [The Act of 1912] . . . shall run with the land and bind the grantee or grantees herein, their successors, representatives, and assigns." Docket Entry #32-2.

related to coal prospecting and mining activities. Ouro argues that the mining operations need not take place on the land. The operations need only be related to mining. Ouro also argues that the Act and the SCLP's allow them to permanently acquire the land if it is reasonably necessary to do so for coal prospecting and mining. Ouro admits if they permanently acquire the land, they must compensate the Defendants. Ouro requests that if this is the case, that the Court compel the Defendants to select an arbitrator in accordance with the Act and SCLP's to determine the property's valuation.

The Defendants believe that under the Act and the SCLP's Ouro can only use the land without compensating them for the purpose of prospecting for coal on said land. Defendants also argue that the Act and the SCLP's require that Ouro show that it is reasonably necessary for them to acquire the land. The Defendants believe that because Ouro has not finished a mining plan, they have failed to show that the access road is reasonably necessary. Therefore, Ouro cannot acquire the land in question.

### A. Ouro Cannot Enter the Land In Question Without Compensating The Defendants As The Entrance Is Not For The Purpose Of Mining On The Land.

Ouro contends that the plain language of the Act and the SCLP's entitles them to build the access road without compensating the Defendants, even though the access road is for mining activites that will not take place on the land. The Defendants contend that

7

Ouro can only use the land for the "purpose of prospecting for coal or asphalt *thereon*" and the access road does not fall within these parameters.

The portion of the Act and the SCLP's that allow for entrance onto the land without compensation specifically states that one "shall have the right at all times to enter upon said lands for the purposes of prospecting for coal or asphalt *thereon* and also the right of underground ingress and egress, without compensation to the surface owner." Under Ouro's interpretation of this language, the use of the land need only be related to prospecting for coal or asphalt, and that this prospecting need not take place on the land in question. But this interpretation ignores one very important word in this section of the Act and the SCLP's — "thereon." When the Act and the SCLP's are read as a whole, with the word thereon, it is clear that for Ouro to be able to enter the land without compensating the Defendants it must be for the purposes of prospecting for coal or asphalt *on the land itself.*

Ouro does not dispute that they do not wish to use the land for the purpose of prospecting on it at this time. They admit that their desire to use the land is solely connected to the need for an access road to mine on other property. The plain language of the statute is clear that the right to enter the land without compensating the owner is only for the purpose of prospecting for coal and asphalt on the land itself or for underground ingress or

egress.[7] Since the access road is not related to prospecting on Defendants' land and is not an underground ingress or egress, the Court holds that Ouro does not have a statutory right to build said access road without compensating the Defendants.

## B. A Question of Fact Still Remains as To Whether It Is Reasonably Necessary For Ouro To Acquire The Land.

Ouro argues that even if this Court finds that they cannot use the Defendants' land without compensating them, that the Act and the SCLP's grant them the right to permanently acquire the land if they compensate the Defendants. If this is the case, Ouro asks that the Court find that they have met the requirements of the Act and the SCLP's to acquire the land. Ouro also asks the Court to compel the Defendants to select an arbitrator to value the property. Defendants do not dispute that the Act and the SCLP's would allow Ouro to acquire the land. But they argue that Ouro has failed to show it is reasonably necessary for them to do so. Therefore, they have not met the requirements of the Act and the SCLP's and they are not entitled to acquire the land.

The relevant portion of the Act and the SCLP's states:

> [A]nd upon the further condition that said nations, their grantees, lessees, assigns, or successors, shall have the right to acquire such portions of the surface of any tract, tracts, or rights thereto as ***may be***

---

[7] If a statute is unambiguous, as it is here, then the plain meaning controls. *United States v. Broadway,* 1 F.4th 1206, 1211 (10th Cir. 2021). The plain meaning is determined by looking at the language itself, the specific context in which it is used, and looking at the statute as a whole. *Id*. (citing *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)).

> ***reasonably necessary*** for prospecting or for the conduct of mining operations or for the removal of successors, shall have the right to acquire a fair valuation for the portion of the surface so acquired.[8]

Under this portion of the Act and the SCLP's, Ouro can acquire the tract of land if they show it is reasonably necessary for prosecting or for the conduct of mining operations.[9]

Ouro believes that they have shown that it is reasonably necessary for them to acquire the land. In support of this claim, Ouro provides a survey of Defendants' property, an underground mining permit from the state of Arkansas, the coal leases which ultimately lead to Ouro's interest, the SCLP's, and an affidavit of Luke Couch.[10]

The Defendants believe that Ouro has failed to show it is reasonably necessary to acquire their land. In support of this, Defendants mainly rely on the fact that Ouro has not given them a completed mine plan. They also point to an earlier response that Ouro provided when the Defendants requested a mining plan during discovery. Ouro stated:

> The final design related to [Ouro's] mining plan has not been completed. The information that may could fall within the final designs is highly technical and has nothing to do with the limited issues in this lawsuit. Moreover, [Ouro's] mining is expected to cover thousands

---

[8] Docket Entry #32-2.
[9] Defendants do not argue that this portion of the Act and the SCLP's allow Ouro to acquire the land, even for mining that takes place on other land. But even if they do dispute this, the Court finds that the plain language supports that it does not have to be on the land. Because unlike the previous section of the Act and the SCLP's, nothing in this section states the mining or prospecting must be "thereon."
[10] *See* Docket Entries #32-1; #32-4; #32-5; #32-8; #43-1; #48-2.

> of acres across Western Arkansas and Eastern Oklahoma. When [Ouro] has finalized the final design it will be filed with Federal and State regulatory authorities for approval. Until then, matters within the design are proprietary, privileged and not subject to disclosure because it could provide competitors with an unfair advantage.[11]

Ouro does not dispute that the above statement was a part of their objection to discovery requests but does dispute whether the statement supports a valid defense.[12]

Whether something is reasonably necessary is a question of fact. In this case, neither party has put forth evidence to show that there is no genuine dispute as to whether it is reasonably necessary for Ouro to acquire the land in question. This leaves a factual dispute that is inappropriate for this Court to determine.[13] While a mine plan is not required to show it is reasonably necessary to acquire the land, Ouro must have more than statements that the land is necessary. The documents Ouro has produced merely support the fact that the land is subject to the SCLP's and that Ouro has the right to mine on it. But this is not

---

[11] Docket Entry #37-1, p. 2; Docket Entry #47, p. 4 ¶ 17.
[12] Docket Entry #48, p. 5 ¶17.
[13] While these determinations have involved other circumstances, this Court has determined that reasonableness is a question of fact that is typically not appropriate to decide on summary judgment. *See, e.g. Three RP Ltd. P'ship v. Dick's Sporting Goods, Inc.*, No. CIV-18-003-RAW, 2019 WL 573413, at *5 (E.D. Okla. Feb. 12, 2019) ("The reasonableness of a party's actions is typically a question of fact to be decided by the fact-finder and is not generally appropriate for summary adjudication.") (citing *Concho Constr. Co. v. Okla. Natural Gas Co.,* 201 F.2d 673, 675 (10th Cir.1953)); *Nease v. State Farm Mut. Auto. Ins. Co.,* No. CIV-10-177-SPS, 2012 WL 676462, at *3 (E.D. Okla. Feb. 29, 2012) (holding that summary judgment was inappropriate because whether it was reasonable for an insurance company to not provide an attorney for a third-party claim was a question of fact for the jury).

11

in question. Ouro also produces a survey to show the land which they wish to acquire, which again is not in question. The only evidence they submit that could show it is reasonably necessary for them to acquire Defendants' land is the affidavit of Luke Crouch. But Mr. Crouch never specifies where this access road goes or why an access road in this specific place is necessary. He simply states that Ouro intends to utilize the road for their employees to use "in connection with coal prospecting and mining within permitted coal mining areas."[14] Even when taken as true, this is not enough to show that Ouro's use of the land is reasonably necessary. It is merely a conclusion of what Ouro intends to do with the road. The remainder of Mr. Crouch's statements also fail to support that Ouro's use of this land is reasonably necessary. He never states where the road is going or why the use of this specific land is necessary. Ouro does not provide any evidence to show where this access road would go and why this particular piece of land is reasonably necessary for their mining plan.

This Court finds that Ouro has not put forth enough evidence to show there is no genuine dispute as to whether it is reasonably necessary for them to acquire the land in question. Even though the Court finds that Ouro has not met their burden, this does not mean that Defendants' Motion of Summary Judgment must be granted.

---

[14] Docket Entry # 32-8, p. 4, ¶ 20.

In fact, the Court finds it should be denied. Defendants have failed to put forth evidence to show that there are no facts to support that it is not reasonably necessary for Ouro to acquire the land. The only evidence they provide is the lack of completed mine plan and lack of proof of where the access road will lead. The Court finds that this is not enough to show that it is not reasonably necessary for Ouro to acquire the land. At most, this shows that there is a factual dispute that the jury must decide. When this Court considers all the evidence, neither party has met their burden and shown that no genuine issue of fact exists as to whether or not it is reasonably necessary for Ouro to acquire this land. Therefore, this Court cannot grant summary judgment to either party and denies Ouro's request for the Court to enter an order vesting it with immediate possession of the land in question.

### C. The Remaining Questions of Damages and Compensation

Ouro also asks this Court to compel the Defendants to select an arbitrator to determine the property's value in order to find the amount Ouro must pay Defendants. But Ouro need only pay Defendants if they acquire the land, and they can only acquire the land if they show it is reasonably necessary for them to do so. Since Ouro has yet to show that it is reasonably necessary for them to acquire the land, it would be premature for this Court to compel Defendants to select an arbitrator. It is also unnecessary for the Court to decide if the Defendants have breached the covenants contained in

the SCLP's. Therefore, Ouro is not entitled to summary judgment on these issues at this time.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff, Ouro Mining's ("Ouro"), Motion for Summary Judgment (Docket Entry #32) is hereby DENIED, as they cannot enter the land without compensating the Defendants since it is not for the purpose of mining on the land, and a question of fact remains as to whether it is reasonably necessary for them to acquire the land in question.

Defendants' Motion for Summary Judgment (Docket Entry #47) is hereby DENIED as there remains a question of fact as to whether it is reasonably necessary for Ouro to acquire the land in question.

IT IS FURTHER ORDERED that the Court will set this case for a status conference by separate order.

IT IS SO ORDERED this 31st day of March, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE